IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 1:23-2 |
| | ) | 18 U.S.C. § 1343 |
| | ) | 18 U.S.C. § 981(a)(1)(C) |
| v. | ) | 28 U.S.C. § 2461(c) |
| | ) | |
| **LaPORSCHE MEYERS** | ) | **INDICTMENT** |

THE GRAND JURY CHARGES:

At all times relevant to this Indictment:

1. The Defendant, **LaPORSCHE MEYERS,** was a citizen of the United States and resident of South Carolina.

2. The United States Small Business Administration (SBA) was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters. As part of this effort, the SBA enabled and provided for loans through banks, credit unions, and other lenders. These loans have government-backed guarantees.

3. The provisions of the CARES Act, in conjunction with an officially declared disaster by the United States Government, allowed for the SBA to provide Economic Injury Disaster Loans (EIDL) funding to business owners negatively affected by the COVID-19 pandemic. This included low-interest loans (including $10,000 advances) for small businesses and other eligible entities for up to $2 million.

4. The SBA Office of Disaster Assistance controlled the EIDL program and

maintained authority over all loans created and disbursed under the EIDL program. Pursuant to the provisions governing the EIDL program, loan proceeds were to be used by the business to pay certain permissible expenses: fixed debts, payroll, accounts payable, and other bills that could have been paid had the COVID-19 disaster not occurred.

5. EIDL funds were issued directly from the United States Treasury and applicants applied through the SBA via an online portal and application. The EIDL application process collected information concerning the business and the business owner.

6. Applicants electronically certified that the information provided was accurate and were warned that any false statement or misrepresentation to the SBA or any misapplication of loan proceeds could result in sanctions, including criminal penalties.

7. The SBA Office of Disaster Assistance (ODA) controls the EIDL program and maintains authority over all loans created and disbursed under the EIDL program. Pursuant to the provisions governing the EIDL program, loan proceeds must be used by the business to pay certain permissible expenses. The EIDL loans may be used to pay fixed debts, payroll, accounts payable, and other bills that could have been paid had the COVID-19 disaster not occurred.

## COUNT ONE
(Wire Fraud – 18 U.S.C. § 1343)

### THE SCHEME TO DEFRAUD

8. The allegations contained in paragraphs 1 through 7 of this Indictment are incorporated herein by reference.

9. That beginning in or about May 2020, and continuing until in or about August 2020, in the District of South Carolina and elsewhere, the Defendant, **LaPORSCHE MEYERS**, knowingly devised a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises, and during such period, knowingly

transmitted and caused to be transmitted in interstate commerce, by means of wire communications, certain electronic signals, for the purpose of executing the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE TO DEFRAUD

10. It was part of the scheme that **LaPORSCHE MEYERS** electronically submitted an EIDL loan application through the SBA. In the loan application, **LaPORSCHE MEYERS** requested an EIDL loan for an entity referred to as Crown'd by Porsche.

11. In the loan application, **LaPORSCHE MEYERS** included fraudulent and false representations and submissions.

12. On or about July 16, 2020, based on **LaPORSCHE MEYERS'** fraudulent and false representations and submissions, the U.S. Treasury or SBA distributed approximately $25,000 of an EIDL loan funds to Virtual Financial Services, Inc.

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE

WIRE FRAUD:

Upon conviction for violation of Title 18, United States Code, Section 1343 as charged in this Indictment, the Defendant, **LaPORSCHE MEYERS**, shall forfeit to the United States any property, real or personal, constituting, derived from or traceable to proceeds the Defendant obtained directly or indirectly as a result of such offense.

PROPERTY:

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the property which is subject to forfeiture upon conviction of the Defendant for the offense charged in this Indictment includes, but is not limited to, the following:

    A.    Cash Proceeds/Forfeiture Judgment:

        A sum of money equal to all proceeds the Defendant obtained as a result of the wire fraud offense charged in this Indictment, that is, a minimum of $25,000.00 in United States currency, and all interest and proceeds traceable thereto as a result of her violation of 18 U.S.C. § 1343.

SUBSTITUTION OF ASSETS:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant:

    (a)    cannot be located upon the exercise of due diligence;
    (b)    has been transferred or sold to, or deposited with, a third person;
    (c)    has been placed beyond the jurisdiction of the Court;
    (d)    has been substantially diminished in value; or
    (e)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by 18 U.S.C. § 982(b)(1) to seek forfeiture of any other property of Defendant up to an amount equivalent to the value of the above-described forfeitable property;

Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

A \_\_\_True_____ BILL

_____
FOREPERSON

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

By: _____
John C. Potterfield, ID No. 6472
Assistant U.S. Attorney
1441 Main Street, Suite 500
Columbia, South Carolina 29201
Telephone: (803) 929-3000
Facsimile: (803) 254-2943
Email: john.potterfield@usdoj.gov